LEIGHTON & a. *v.* OSSIPEE SCHOOL DISTRICT & a.

Parties who, at a hearing before county commissioners as petitioners for the location of a school-house, admit a prior location by a committee, and expressly waive all objection because the return of such location has not been made in writing, are estopped to make such objection in a subsequent proceeding to enjoin the district from building upon the location made by the county commissioners.

When a committee, appointed to locate a school-house, located the same, but made no return thereof at the time, the record of the district may be subsequently amended by them in accordance with the fact.

BILL IN EQUITY, for an injunction.

*F. Weeks,* for the plaintiffs.

*Jewell & Stone,* for the defendants.

ALLEN, J. The defendant school-district, at its annual meeting in March, 1889, under articles in the warrant for the meeting appropriately specific, " *Voted* to build a suitable school-house in what is known as Fogg's Ridge and Leighton's Corner districts, also to build a suitable school-house in what is known as West Ossipee district," raised the sum of $1,800 for building the school-houses and other purposes named, and designated the school board as a committee to purchase the necessary land and to build and repair the school-houses. The sum of $1,800 was assessed and collected, of which about $800 remains unexpended, but no school-house has been built in Fogg's Ridge and Leighton's Corner districts. At the annual meeting of the school-district in March, 1890, under appropriate articles in the warrant, it was " *Voted* that the school-district accept the report of the repairing and building committee, and that the school board be a committee to locate and build school-houses for the district of Ossipee for the ensuing year the same as last year."

June 9, 1890, the school board, acting as a committee, located a school-house lot at Leighton's Corner and staked it out, intending to make a written return of the location, which they did not do in consequence of an appeal to the county commissioners. On the 10th day of June, 1890, an appeal by ten or more voters of the district was taken from the district committee's location to the county commissioners, who, after hearing the parties, who appeared by counsel, located a lot, specifically described as "in the field of Albert E. Gibson."

No school-house was built during the school year of 1890; and at the meeting of the district in March, 1891, articles in the warrant,—to see if the district would indefinitely postpone building a school-house on the location made by the commissioners; would repair the school-house in Leighton's Corner district; choose a committee for the purpose, and see if the district would limit to the sum of $400, or some other sum, the cost of the school-house to be built,—were indefinitely postponed; and the school board was designated as a special committee to build a school-house upon the location made by the county commissioners, of such size as they might deem necessary, and use for the purpose so much of the $1,800 raised in March, 1889, as might be necessary, and that they sell the school-house in that district.

The bill prays for an injunction against building a school-house, and against the sale of the old school-house there, because of uncertainty in the location made by the commissioners, and because the district committee, from whose location the appeal was taken, made no location by written designation.

It appears that at the trial of the appeal all the parties interested in this proceeding,—the school-district on the one hand, and the petitioners on the other,—were represented by counsel; and before the hearing proceeded, on inquiry made it was distinctly stated and understood that no objection would be made by reason of the failure of the district committee to file their location in writing. That location was set out in the petition for appeal; and due notice of the pendency of this petition being given, and at the time of the hearing attention being called to the committee's omission, and all objections being distinctly waived, the plaintiffs cannot now claim any advantage from the omission. Voluntarily choosing to go forward in spite of a defect in full view, and with their eyes open, they are now estopped from complaining.

If the question is one affecting the public interests, and there can be no waiver on that account, the records of the school-district may be amended according to the fact. The case shows that the committee made a location of a school-house lot and staked it out. They can make written return of their action in the matter and of what they did prior to the appeal, and the district records can be made to show it. In the petition to the county commissioners the location made by the district committee is recited, and

all parties agreed that that statement is correct; and upon the basis of that statement the committee can file a written statement of what they did, and the same can be recorded in the records of the district. Records and returns relating to school-districts may be amended like those of towns. *Harris* v. *School District*, 28 N. H. 58, 66; *Bean* v. *Thompson*, 19 N. H. 290, 294. The amendment must be made by the committee who acted in the matter, though now out of office. *Gibson* v. *Bailey*, 9 N. H. 168, 176; *Cass* v. *Bellows*, 31 N. H. 501, 509; *Pierce* v. *Richardson*, 37 N. H. 306, 311.

The county commissioners described the land taken by them for a school-house as belonging to Albert E. Gibson, when in fact it was owned by his mother, Julia, and they assessed damages at twenty dollars. There being a sufficiently definite description without including the ownership, and the district committee having for the district obtained a deed of the lot laid out from the rightful owner, with a quitclaim of all his rights by Albert and a release by the mortgagee, no question can be raised upon the action and return of the county commissioners.

If the location by the county commissioners was void for any reason, the vote passed by the district March 17, 1891, " to build a school-house on said location made by said county commissioners," is a location by the district and a sufficient answer to the bill.

*Bill dismissed.*

Doe, C. J., did not sit : the others concurred.