## In re JEFFRIES.

### MAYFIELD CO. v. DOROUGH.

(Circuit Court of Appeals, Fifth Circuit. November 18, 1926.)

No. 4876.

Bankruptcy ⚖➔340—Consignor's claim to proceeds of fire policy on goods consigned to bankrupt, with title retained in consignor, held properly disallowed where evidence failed to show what goods were then in stock.

Where goods were consigned to bankrupt under contract retaining title in consignor, and requiring bankrupt to insure for consignor's benefit until paid, *held* that consignor's claim to proceeds of fire policy was properly disallowed, where evidence failed to show what goods remained in stock at time of fire.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes and Benjamin C. Dawkins, Judges.

In the matter of Earl Jeffries, bankrupt, in which R. P. Dorough was appointed trustee. From a decree of the District Court, confirming an order of the referee disallow-

ing in part its claim against bankrupt, the Mayfield Company appeals. Affirmed.

H. E. Lasseter and Gordon Simpson, both of Tyler, Tex., for appellant.

J. A. Bulloch, of Tyler, Tex. (J. A. Bulloch and Bulloch & Ramey, all of Tyler, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In March, 1922, the appellant delivered to Earl Jeffries a stock of goods and certain fixtures under a consignment contract, which provided that the goods and fixtures should remain the property of the appellant until the amount of a note given therefor should be paid, that Jeffries should pay appellant all moneys derived from the sale of such goods until the debt should be settled, and that the goods and fixtures should be insured in favor of the appellant until that debt should be paid in full. Those goods, and other goods bought by Jeffries on open account from appellant and others, from time to time between March, 1922, and February 16, 1925, went into the stock used by Jeffries during that period in carrying on a mercantile business. The fixtures and the stock of merchandise then possessed by Jeffries were destroyed by fire on February 16, 1925, and Jeffries was adjudged bankrupt in March, 1925. The trustee of his estate in bankruptcy collected $8,500 on the fire insurance policies in favor of the bankrupt on the stock and fixtures, $2,145 of which was paid on the fixtures.

The appellant asserted the claims that it was entitled to the amount collected on the fixtures, and also to $6,000 of the total collected, on the ground that appellant's consigned goods worth that sum remained in the stock at the time of the fire. By the decree appealed from appellant's claim to the amount collected for the loss of the fixtures was sustained, and its claim to $6,000 of the amount collected on the stock was disallowed, on the ground that the evidence failed to show what goods of those received by the bankrupt under the above-mentioned consignment contract remained in the stock at the time of the fire, or to prove the amount or value of such of those goods as were identified. In disallowing the $6,000 claim the court approved a conclusion reached by the referee.

We concur in the conclusions of the referee and the court as to the insufficiency of the evidence to support the claim which was

disallowed. We think there is no occasion to set out or discuss that evidence.

The decree is affirmed.