RETAIL PACKAGE STORE — LOCATION Title 37 O.S. 534 [37-534](c) (1971), prohibits a retail package store from being located on the same city or town block where a school or church is located. "A city or town block" means a square or portion of the city actually enclosed by streets and avenues. This office is in receipt of your opinion request wherein you ask, in effect, the following question: Title 37 O.S. 534 [37-534](c) (1971) prohibits a retail package store located on the same city or town block where a school or church is located. What is meant by the words "city or town block"? Title 37 O.S. 534 [37-534](c) (1971) relates to the location of a retail package store in relation to churches and schools. It provides, in pertinent part: ". . . Provided a license shall not be issued for a location on any city or town block where a school or church is located." Oklahoma law defining a city or town block is found in St. Louis-San Francisco Railroad Company v. City of Tulsa, Oklahoma,15 F.2d 560, 963 (8th Cir. 1926). In this case the court reviewed three earlier Oklahoma cases, and ruled that use of the word "block" in a Tulsa City ordinance should be given its ordinary meaning, to-wit: "A portion of the city bounded on all sides by streets or avenues. "Applying the principle to the facts here, we have a rectangular tract 720 feet long by 300 feet wide surrounded by four streets — a block." Two cases from other jurisdictions define a block in the specific context of reviewing the issuance of a liquor license. Both cases hold that a block is a parcel of land bounded on all sides by streets. In Harrison v. Doetter, Ill., 63 N.E. 191 (1902), a Chicago city ordinance requiring dram-shop licenses, provided in pertinent part: "Which license application shall be signed by a majority of the property owners according to frontage on both sides of the street in the block upon which such dram-shop is to be kept." The ordinance does not define " block ". The applicant for the license secured signatures of property owners along the street in front of his proposed location. He argued that constituted a "block" as used in the ordinance. The Supreme Court of Illinois disagreed, ruling that he needed signatures of property owners along all four streets surrounding the block because: "The word `block' as used in this ordinance is synonymous with the word `square' and means the territory bounded by four streets." (Long series of citations omitted.) Slater v. Fire and Police Board of Denver, Col., 96 P. 554 (1908), is nearly identical on the facts and law. In that case a Denver city ordinance provided in pertinent part: "No license for the sale of spiritous, malt, or intoxicating liquors . . . shall be granted, except on the petition of the owners of a majority of the real estate within the frontage of the block in which such liquors . . . are to be sold." This ordinance also did not define "block". The applicant for the license secured signatures of property owners along the street in front of his proposed location. He likewise argued that this constituted a "block" as used in the ordinance. The Supreme Court of Colorado disagreed, ruling that he needed signatures of property owners along all four streets surrounding the block. "Frontage, as employed in the charter provision, is not limited to any part or portion of the block, but, on the contrary, it says, `the frontage of a block in which such liquors are to be sold' and therefore refers to, and means, the entire frontage of the block. The block in question has a frontage upon four streets, the linear extent of which is the length of the four lines defining its boundaries. According to the plain and unambiguous language of the charter, it is the owners of a majority of the real estate within this frontage who must petition for the saloon license, for they are the persons who are directly interested, and upon whom it was the intent of the charter provision to confer the authority to exercise the option of whether they would have a saloon in their block or not. To give the provision any other construction, as, for instance, to say that `frontage' as therein employed, means the frontage of that part of the block fronting on the street where the saloon is to be located, can only be done by reading it in connection with words of limitation which it does not contain, and which, by a necessary implication, cannot be read into it." Identical reasoning applies to Section 37 O.S. 534 [37-534](c). The words "city or town block" cannot be read with words of limitation which are not present. Both Oklahoma case law and cases from other jurisdictions relating strictly to liquor licensing hold that a "block", as used in describing urban premises, means a square or portion of the city enclosed by streets, whether occupied by buildings or composed of vacant lots. Courts of other states have consistently made similar holdings. Berndt v. City of Ottawa, Kan., 298 P.2d 262, 263 (1956); Weeks v. Hetland, N.D., 202 N.W. 807, 813 (1925); City of Mobile v. Chapman, Ala., 79 So. 566, 571 (1918), Gilsonite Roofing v. St. Louis Fair Association, Mo., 132 S.W. 657, 660
(1910); Fraser v. Ott, Cal., 30 P. 793 (1892). It is, therefore, the opinion of the Attorney General that your question be answered as follows. Title 37 O.S. 534 [37-534](c) (1971), prohibits a retail package store from being located on the same city or town block where a school or church is located. "A city or town block" means a square or portion of the city actually enclosed by streets and avenues. (Daniel J. Gamino)