(118 N. W. 830.)

---

SUCKER STATE DRILL COMPANY, A CORPORATION, v R. J. BROCK AND R. L. RICHARDSON, AS INDIVIDUALS AND AS A COPARTNERSHIP, DOING BUSINESS UNDER THE FIRM NAME OF BROCK & RICHARDSON.

Opinion filed November 20, 1908.

**Appeal and Error — Double Appeal.**

1. An appeal from a judgment and from two orders denying motions for a new trial, made upon the same grounds after judgment, is not a double appeal.

**Same — Bond — Defects.**

2. Defects or omissions in an undertaking on appeal may be supplied by amendment or by giving a new undertaking, under the provisions of section 7224, Rev. Codes 1905.

Appeal from District Court.

Action by the Sucker State Drill Company against R. J. Brock and R. L. Richardson. Judgment for defendant, and plaintiff appeals.

Motion to dismiss appeal denied.

*D. J. O'Connell and C. W. Hookway,* for appellant.

Leave to amend should be granted. Rev. Codes 1905, Sec. 7224; Tollerton v. Casperson, 63 N. W. 908; Skinner v. Holt, 69 N. W. 595.

*Christianson & Weber,* for respondent.

Appeal cannot be taken from two separate orders. Ewing & Harsch v. Lunn, 109 N. W. 642; Prodzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23.

One undertaking is insufficient where there is one appeal from a judgment and another from an order. Corcoran v. Desmond, 11 Pac. 815; Carter v. Butte etc. 63 Pac. 667; Weil v. Sutter, 44 Pac. 555; In re Heydenfeldt's Estate, 51 Pac. 543; Kelley v. Loachman, et al, 51 Pac. 407; Creek v. Bozeman Co. 56 Pac. 362; Murphy v N. P. Ry. Co. 57 Pac. 278; Washoe Copper Co. v. Hickey, 58 Pac. 866; Grage v. Paulson, 59 Pac. 1; Baker v. Butte City Water Co., 60 Pac. 488; Richter v. Eagle Life Assn., 61 Pac. 878.

MORGAN, C. J. (This is a motion to dismiss an appeal. The notice of appeal is as follows: "Please take notice that the * * * plaintiff appeals to the Supreme Court * * * from the judgment of said district court, entered herein on the 19th day of December, 1906, and also from the order of said court entered herein on November 5, 1907, overruling plaintiff's motion for a new trial, and the order of said court entered herein dated November 30, 1907, overruling the motion of plaintiff for a new trial herein, and from the whole thereof." The ground urged in favor of the motion to dismiss is that the appeal is a double one, being an appeal from a final judgment and an appeal from two alleged separate, independent, appealable orders. The record shows that both motions for a new trial were made and decided after the judgment had been rendered. The record also shows that the two motions were made for the following reasons: The action was originally tried before Judge Goss. After verdict and judgment Judge Burr was appointed judge of the Ninth judicial district, which district was created by the Legislature of 1907. After Judge Burr had qualified and entered upon the duties of his office, a motion for a new trial was made before him and denied. Very soon after said motion was denied, the appointment of Judge Burr was declared of no effect by this court, and he ceased to perform the duties of the office. The plaintiff, by reason of that decision, deemed that the order of Judge Burr denying the motion for a new trial was of no effect, and he thereupon made another motion for a new trial, and noticed it for argument before Judge Goss, who denied the same. The motions each presented precisely the same alleged grounds for a new trial.

The defendants contend that these two orders are separate, independent, appealable orders, and that their insertion in one notice of appeal renders the appeal duplicitous. It is contended that the rule announced by this court in Pronzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23, is applicable, and that the appeal should be dismissed

Since the decision of that case, this court has had occasion to again pass upon the question of what constitutes a double appeal, and in Kinney v. Brotherhood of American Yeomen, 15 N. D. 21, 106 N. W. 44, the rule announced in that case was disapproved as to certain points thereof. Although that decision was based upon earlier decisions of the Supreme Court of Wisconsin, and upon the case of Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546, and Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165, the principle of these cases was not adhered to, as it was deemed that they declared a rule that was technical and harsh. In the Kinney case, the appeal was from a judgment and a subsequent order denying a new trial, and this language was used: "No case has been cited, and we have found none wherein it has been held, under laws similar to ours, that an appeal from a final judgment and from a subsequent order denying a motion for a new trial is objectionable for duplicity. We can conceive of no good reason for condemning such a practice, unless we regard the general rule as broadly declared in Hackett v. Gunderson to be an inflexible one to which there is no exception. * * * It seems to us that the practice is one which ought to be commended rather than condemned. Errors of law can be reviewed on appeal from the judgment without a motion for a new trial; but the statute forbids us to examine into the sufficiency of the evidence to support the verdict, unless the trial court has had an opportunity on a motion for a new trial to remedy the jury's erroneous decision of the facts. If the jury has taken an erroneous view of the evidence, it is an error at the trial which necessarily affects the judgment, and, although the trial court after judgment may refuse to grant a new trial, and thus commit error after judgment by refusing to rectify the error which the jury committed, the fact remains that the inquiry on appeal as to the sufficiency of the evidence is in reality a review of the error before judgment. The trial court's ruling is merely a condition precedent to the right of the appellate court to examine into and remedy the error which the jury is alleged to have committed. Clearly, if the defeated party challenges the propriety of the judgment on the ground that there was error of law or fact in the proceedings which resulted in the judgment, he ought to be required to present all the reasons he assigns for reviewing the judgment in a single proceeding, unless there is some good reason for not doing so."

Appellant concedes that an appeal from a judgment and from a subsequent order overruling a motion for a new trial is not double. His contention is that an appeal from the two orders and from the judgment in this case renders the appeal a double one. The orders are identical so far as the subject-matter of them is concerned. They are independent only in form. The latter order adds nothing to plaintiff's remedies. The first order included everything covered by the second. The second order was undoubtedly procured to obviate the result of a holding that all of Judge Burr's acts were without authority and void, but all of his acts were held valid on the ground that he was a de facto judge by virtue of his appointment. State v. Ely, 16 N. D. 569, 113 N. W. 711, 14 L. R. A. (N. S.) 638. The two orders were not therefore separate or independent in fact, but simply in form, and the second one did not determine anything that had not been determined by the previous order. The latter order was unnecessary, as the relief or object sought to be gained had been fully covered by the first order. As a matter of law, these two orders should be considered as one order, and their inclusion in the notice of appeal with the judgment did not render the appeals duplicitous. Kinney v. Brotherhood of American Yeomen, supra; Kountz v. Kountz, 15 S. D. 66, 87 N. W. 523; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774. The notice did not therefore, as a matter of law, include an appeal from but one order and from the judgment. Under the cases cited, this appeal is not a double one.

The undertaking on appeal was signed by the sureties only, and not by the plaintiff as the principal in the bond, and the justification of the sureties was not in compliance with the provisions of the statute. The defendants included these defects or omissions among the grounds on which they based their motion to dismiss the appeal. The plaintiff made a counter motion in this court to supply a new undertaking or to amend the one filed to cure the admitted defects. The motion to supply a new bond or to amend the old one is based upon section 7224, Rev. Codes 1905. Under this section any omission to do any acts necessary to render an appeal to the Supreme Court effectual may be supplied upon permission first granted by this court, or by one of the justices thereof. Without determining whether the appeal bond in this case would be valid, although not signed by the appellant, we deem the motion to supply a new undertaking a proper one to be made under the section quoted. That

section is intended to give an opportunity to remedy defects or omissions in doing certain acts necessary on the appeal, without going to the trouble and expense of a new appeal. The statute is remedial in its character, and is intended to favor the perfecting of attempted appeals. It is held to apply to defects like the one in this undertaking. There is a statute identical in terms with section 7224 in the South Dakota Code (Comp. Laws 1887, § 5235), and the Supreme Court of that state has held that it applies to remedying defects in undertakings similar to the defects in this case. Tolerton v. Casperson, 7 S. D. 206, 63 N. W. 908; Skinner v. Holt, 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878; Martin v. Smith, 11 S. D. 437, 78 N. W. 1001.

The motion to dismiss the appeal is denied. All concur.