ENDERLIN FARMERS STORE COMPANY, a Corporation, Respondent, v. JULIUS WITLIFF and
WALTER MUELLER, Garnishee and Appellant.

(217 N. W. 537.)

**Judgment — default — omission of order for judgment may be corrected nunc pro tunc.**

When it appears from the record, that, upon a hearing in a default case in a garnishment proceeding, the plaintiff is entitled to the same judgment against the defendant and the garnishee, and the court orders judgment against both, and the written order for judgment prepared by the attorney for the plaintiff recites all the jurisdictional facts, but omits to order judgment against the garnishee, which written order so prepared, is inadvertently signed by the judge, such omission is not a judicial mistake and may be supplied by a subsequent order of the court entered nunc pro tunc.

Opinion filed January 16, 1928.   Rehearing detnied January 31, 1928.

Judgments, 34 C. J. § 216 p. 76 n. 70.

Appeal from the County Court of Ransom County, *Monson, J.,* sitting in place of *Thompson, J.*

Affirmed.

*J. V. Backlund,* for appellant.

Judgment can be entered only upon order of court. A judgment entered by the clerk, where no order for judgment has been made, is void, and in fact no judgment at all.   Dibble v. Hanson, 17 N. D. 21, 114 N. W. 371; Beyer v. North American Coal & Min. Co. 42 N. D. 495, 173 N. W. 787.

Statutes must be strictly construed.   Clark Imp. Co. v. Wadden, 29 S. D. 195, 136 N. W. 112.

The court has inherent power to vacate a void judgment after one year and without affidavit of merits.   Williams v. School Dist. 21 N. D. 198, 129 N. W. 1027; Whittaker v. Warren, 14 S. D. 611, 86 N. W. 638; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721.

Note.—On right of court to order judgment nunc pro tunc, see 15 R. C. L. 627; 3 R. C. L. Supp. 480.

When judgment is irregularly entered, or absolutely void, good practice requires that it should be first assailed by motion. The order made on such motion is appealable. Garr Scott & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867.

*Charles G. Bangert,* for respondent.

"A judgment may properly be amended so as to conform to the verdict, findings or decision where by mistake or inadvertence it has been entered in terms different therefrom." 34 C. J. 235.

"A court of equity, in furtherance of justice, has power to modify a judgment in a particular not affecting the merits of the case, but merely relating to the mode of carrying into effect the decision of the court." Tyler v. Shea, 4 N. D. 377, 61 N. W. 468.

"A motion for entry of judgment nunc pro tunc is addressed very largely to the discretion of the court, and should be granted or refused as justice may require in view of the circumstances of the particular case." 34 C. J. 72.

BURKE, J. On the 11th day of August 1921, summons, complaint, affidavit for garnishment, and garnishment summons issued by the judge of the county court of Ransom county, were served upon the defendant, and said affidavit and garnishment summons were served upon the garnishee. At the time of making such service two dollars, the statutory fee, was paid by the officer making the service to the garnishee. On the 28th day of August 1925, the plaintiff's attorney filed an affidavit of no answer, and that the garnishee failed to make disclosure. On the 29th day of August 1925, the court signed a written order, reciting that the summons and complaint, affidavit of garnishment and garnishment summons were served upon the defendant, and that the affidavit of garnishment and garnishment summons, were personally served upon the garnishee, and it appearing that no answer or demurrer had been served and that the garnishee had failed to make disclosure of any kind although his garnishee fees were duly paid, that more than twenty days had elapsed since said service, and that both defendant and the garnishee are in default. After reciting the facts showing default on the part of both defendant and garnishee the court ordered judgment against the defendant, failing to mention the garnishee, but in entering judgment on the order the clerk entered judgment against

both defendant and garnishee. On the 24th day of September 1927, the garnishee applied to the court for an order to the plaintiff to show cause why the judgment against the garnishee should not be vacated and set aside, which order was granted, and the 29th day of September was set for a hearing on such order. On the 27th day of September 1927, on the application of the plaintiff, an ex parte order was issued amending the order for judgment nunc pro tunc. The amended order recited all the jurisdictional facts as stated in the original order and continues as follows, viz.:

"And it further appearing that on the 29th day of August, 1925, upon the showing of the default of the defendant and the garnishee, the court did in fact order that judgment be entered against said defendant and said garnishee for the sum of $534.86, together with the costs and disbursements to be taxed, such judgment to be entered by the clerk, but that through inadvertence and clerical oversight the written order for judgment presented to and signed by the court did not order the entry of judgment against the garnishee, Walter Mueller.

"And it further appearing that the clerk of the court did in fact enter judgment against both the defendant Julius Witliff and the garnishee Walter Mueller for said sum of $534,86, together with the costs then taxed and allowed in the sum of $36.90, making a total judgment of $561.76."

And it further appearing that said Walter Mueller, the garnishee herein, has not to that date applied to this court for permission to file a disclosure herein, nor has he served and filed herein an affidavit either admitting or denying liability in said matter, and that he is still in default, and has been in default at all times since the entry of the judgment on the 29th day of August, 1925.

"Now therefore: Upon motion of Charles G. Bangert, attorney for the plaintiff, it is ordered: That the original written order for judgment made on the 29th day of August, 1925, be amended so as to show the real and correct order of the court made on that date, and that there be added to said written order the following words and figures, viz.:

" 'And it is further ordered that the plaintiff do have and recover judgment of and against the garnishee-defendant Walter Mueller for the sum of $534.86, together with the costs and disbursements taxed

and allowed by this clerk, and when said amount is paid, the same to be endorsed upon the principal judgment herein.'

"And it is further ordered, considered and decreed, that said written order for judgment when so amended shall be considered as having been originally entered in all things as so amended, as on the 29th day of August, 1925."

The garnishee being in default, under § 7576, Comp. Laws 1913, the plaintiff was entitled to judgment against him for the amount of the judgment he was entitled to recover against the defendant.

It appears from the amended order for judgment, that upon the showing of the default of the garnishee, the court in fact, ordered that judgment be entered against said defendant and said garnishee, such judgment to be entered by the clerk, but through inadvertence, and clerical oversight the written order for judgment presented to and signed by the court did not order judgment against the garnishee. It is a matter of common knowledge that written orders for judgment are usually prepared by the attorney for the party entitled to the judgment, after the decision of the court, and from this record it appears that the decision was made by the court at the time of the hearing on the default, and that the mistake was not in the decision, but in the order which was subsequently signed. This is borne out by the recitals in the original order for judgment showing that the defendant and garnishee were both in default and that the plaintiff was entitled to judgment against both. It appears clearly therefor that the mistake was not a judicial mistake, but a clerical mistake made by the attorney in drawing the order which he presented to the court for the judge's signature, and that the judgment entered is in conformity with the decision of the court and therefore a valid judgment.

Under § 7483, Comp. Laws 1913, the court may supply an omission in any proceeding, and the failure to include the garnishee in the written order for judgment, when the written order shows conclusively that the plaintiff was entitled to judgment against the garnishee, must in the light of the entire record be regarded as an omission.

Freeman on Judgments states the rule as follows:

" 'Clerical errors' as used in this connection ordinarily relate to the errors or omissions of the clerk in the entry of the judgment and are sometimes defined or treated as though this were the only class of

cases to which the term might be properly applied. But 'clerical' is employed in a broad sense as contra distinguished from 'judicial' error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge. Mistakes of the court are not necessarily judicial error. Thus if the judgment or some provision in it was the result of inadvertence, as where the court was laboring under a mistake or misapprehension as to the state of the record or as to some extrinsic fact, but for which a different judgment would have been rendered, the judgment may be vacated or may be corrected to correspond with what it would have been but for the inadvertence or mistake." [§ 146.]

"The mistake of a judge in communicating the judgment to the clerk is as much open to correction as if the clerk alone was responsible for it. Weed v. Weed, 25 Conn. 337. " [§ 146, note.]

"All courts have inherent power, independent of statute, to correct clerical errors at any time, and to make the judgment entry correspond with the judgment rendered." 1 Freeman, Judgm. § 145.

Every court has the right to make records speak the truth and may upon proper occasion, or on its own motion or the motion of any of the parties interested whether upon or without notice to the parties to the action correct its records until they contain a true history of its transactions. Freeman, Judgm. § 172.

The period in which the power to make nunc pro tunc entries may be successfully invoked is never limited. Mere lapse of time does not destroy the court's power where no intervening rights are affected. Freeman, Judgm. 5th ed. § 130.

We are of the opinion that the judgment entered in the case at bar is in accordance with the decision of the court rendered at the time of the hearing on default, and is a valid judgment; that the omission in the written order prepared by the attorney for the plaintiff is such an omission as may be supplied by the court in an order entered nunc pro tunc, and the judgment is affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURR, and CHRISTIANSON, JJ., concur.