[File No. 6524.]

RUSSELL McCLENAHAN, Respondent, v. A. H. MEEK, Appellant.

(278 N. W. 469.)

Opinion filed March 12, 1938.

*G. R. Brainard,* for appellant.
*Keohane & Kuhfeld,* for respondent.

PER CURIAM. The respondent has moved to dismiss the appeal on the ground that no undertaking on appeal has been furnished as required by § 7824, Comp. Laws 1913, and that there has been no waiver of such undertaking or deposit in lieu thereof, as authorized by § 7823, Comp. Laws 1913.

Plaintiff's action originated in a justice's court in Golden Valley county. The action was brought to recover $125.00 alleged to be due to the plaintiff from the defendant on account of services performed by the plaintiff for the defendant. A writ of attachment was issued ancillary to the action and certain property was attached. The plaintiff recovered judgment in the justice's court against the defendant for principal, interest and costs amounting in all to the total sum of $157.66.

The defendant appealed to the district court from the judgment rendered in the justice's court. On such appeal the defendant availed

himself of the provisions of § 9168, Comp. Laws 1913, which authorizes a deposit of money to be made in lieu of an undertaking on appeal. The defendant deposited with the clerk of the district court the sum of $300.00 in lieu of the cost bond provided by § 9165, Comp. Laws 1913, and in lieu of the undertaking to stay execution provided for by § 9166, Comp. Laws 1913.

The trial in the district court resulted in a verdict for the plaintiff for the full amount demanded by the plaintiff in his action in the justice's court. Judgment was entered pursuant to the verdict in favor of the plaintiff and against the defendant for principal, interest and costs aggregating $190.36. The defendant seeks to appeal to this court from the judgment of the district court. He served notice of appeal and a notice that the $300.00 on deposit with the clerk of the district court should be retained by such clerk as the deposit of the defendant in lieu of the statutory undertaking on appeal. No undertaking on appeal was served or filed and no other deposit was made nor was there any waiver of undertaking on appeal. Affidavits have been served by both parties relating to certain alleged negotiations between counsel for the respective parties relating to the waiver of an undertaking on appeal and the acceptance of the former deposit in lieu of an undertaking. There is some conflict in the affidavits; but it stands undisputed that whatever negotiations were had did not result in a waiver in writing by the attorney for the respondent, and that in fact the attorney for the respondent refused to make such waiver.

Appellant argues that the moneys on deposit should be accepted in lieu of an undertaking and that the motion to dismiss the appeal should be denied.

The appeal must be dismissed.

The statute, § 7824, Comp. Laws 1913, provides: "To render an appeal effectual for any purpose an undertaking must be executed on the part of the appellant by at least two sureties to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal not exceeding two hundred and fifty dollars."

The preceding section § 7823, Comp. Laws 1913, provides: "When the appellant is required under any provision of this chapter to give an undertaking he may in lieu thereof deposit with the clerk of court in which the judgment or order appealed from is entered, who shall give

him a receipt therefor, a sum of money equal to the amount for which such undertaking is required to be given and in lieu of the service of such undertaking serve a notice of the making of such deposit. Such deposit and notice shall have the same effect as the service of the required undertaking and be held to answer the event of the appeal upon the terms prescribed for the undertaking in lieu of which the same is deposited. Any such undertaking and deposit may be waived in writing by the respondent for whose benefit the same is required to be made and such waiver shall have the same effect as the giving of the undertaking would have had."

Under these statutory provisions an undertaking on appeal is jurisdictional unless it is waived or a deposit made in lieu of the undertaking. The deposit which the defendant had made in the district court incident to the appeal from the justice's court was subject to the claim for payment of the judgment that was rendered against the defendant in the district court, that is, the deposit was subject to the claim for $190.36. The deposit had been made on the condition that it would stand as security for the payment of whatever judgment was rendered against the defendant in the district court on the appeal from the justice's court. The deposit had never been released, and it was not released from the conditions attached to the deposit merely by the serving of a notice on the part of the defendant. Hence there remained in the office of the clerk of the district court only the sum of $109.64 to which the appellant could lay claim as not being obligated under the terms on which the deposit was made.

Section 7824, supra, requires that on an appeal to the Supreme Court a cost bond must be given in the sum of $250.00. The preceding section (§ 7823) authorizes a deposit to be made in lieu of an undertaking; but the amount of the deposit must be equal to the amount of the required bond, that is, the deposit to stand in lieu of a cost bond must amount to at least $250.00. In any view of the case, therefore, there was not a sufficient deposit. The appellant clearly did not have or make a deposit of $250.00 in lieu of the undertaking on appeal; he at most had a deposit available for security on the present appeal of $109.64. The remedy by appeal is statutory. Our laws emphatically state that an appeal to the Supreme Court from a judgment of the district court shall be ineffectual for any purpose unless the

required undertaking is furnished or waived or a deposit made in lieu thereof. An appellant must bring himself within the terms of the statute. This the appellant here has failed to do. He did not furnish the required undertaking on appeal.

Appeal dismissed.

CHRISTIANSON, Ch. J., and MORRIS, SATHRE, NUESSLE, and BURR, JJ., concur.