In the Matter of the GUARDIANSHIP and Competency of Eleanor FRANK.

Bertha SCHMIDT, Odelia Tischmak, Angeline F. Mahrer, and Ralph J. Frank, Petitioners and Appellants,

v.

Leo R. FRANK, a/k/a L. Richard Frank, Ronald E. Frank, Eleanor Frank, Rose Mary Frank, and Rev. Hugo Backes, as special guardian of Eleanor Frank, Respondents.

No. 8147.

Supreme Court of North Dakota.

April 30, 1964.

Vogel, Ulmer & Bair, Mandan, for petitioners and appellants.

Maurice G. LaGrave, Mandan, for respondents.

MORRIS, Chief Justice.

This matter came before the Court on April 10, 1964, upon a motion by the respondents to dismiss the appeal on the ground that no appeal had been perfected for the reason that the purported undertaking on appeal had never been executed by two sureties, as required by Section 28-27-09, NDCC, but had only been executed by the appellants; that the undertaking was therefore void and of no effect; and that the undertaking on appeal is a jurisdictional prerequisite, and the Supreme Court is without jurisdiction to hear the appeal.

The appellants countered with a motion to permit the substitution of $250 cash, which had at the time of hearing been deposited with the clerk of the District Court of Morton County, in lieu of the undertaking on appeal previously filed. The validity of the substitution of the cash for the undertaking was challenged by the respondents, chiefly on the ground that the time for appeal had expired and that the Court no longer had the power to permit the substitution.

In support of the motion to substitute the cash deposit for the undertaking, the appellants invoked Section 28-27-26, NDCC, which provides:

"When a party in good faith shall give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

Our examination of the record on this appeal leads us to the conclusion that it was taken in good faith and that the appellants' failure to file an undertaking that conforms to Section 28-27-09, NDCC, was the result of mistake or accident.

The respondents contend that the undertaking that was served and filed with the notice of appeal was so grossly defective as to amount to no undertaking at all. For

the purposes of this decision, we will assume that this contention is the fact.

Notice of entry of judgment was served on October 4, 1963. The notice of appeal and a purported undertaking on appeal were served October 9, 1963, and were filed in the office of the clerk of the District Court of Morton County on October 11, 1963. The motion to dismiss the appeal was filed by the respondents in the office of the clerk of the Supreme Court on April 9, 1964, six months after the service of the undertaking and two days after the expiration of the time for appeal. The motion for permission to substitute cash in lieu of the undertaking on appeal was filed April 10, 1964. Before either motion was filed, the case had been placed on the calendar for argument at the April 1964 term of the Supreme Court, and counsel had been notified accordingly. We heard arguments in both motions and continued the case over the term subject to our determination of the motions. The time for appeal from a judgment is six months from the service of notice of entry thereof. Section 28-27-04, NDCC.

The question here is whether the Supreme Court has power and jurisdiction, where a sufficient and valid notice of appeal has been timely served and filed without being accompanied by an undertaking, to permit the appellants to make the appeal effectual by serving and filing a sufficient undertaking or making a deposit of money in lieu thereof, pursuant to Section 28-27-10, NDCC, after the statutory time for taking an appeal has expired.

The answer to our problem lies in the applicable statutory provisions. Section 28-27-05, NDCC, provides:

"An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, * * *. The appeal shall

be deemed taken by the service of a notice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed."

Section 28-27-09, NDCC, says:

"To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal not exceeding two hundred fifty dollars."

Section 28-27-10, NDCC, provides for the deposit of a sum of money in lieu of any undertaking by the appellant, and states:

"In lieu of the service of such undertaking, he may serve a notice of the making of the deposit. Such deposit and notice shall have the same effect as the service of the required undertaking and shall be held to answer the event of the appeal upon the terms prescribed for the undertaking in lieu of which the same is deposited."

Gamble-Robinson Minot Co. v. Mauratis, 55 N.D. 616, 214 N.W. 913, involved a situation arising under the statute last referred to. A motion to dismiss the appeal was based upon the ground that no undertaking on appeal had been provided as required by the statute. A written undertaking on appeal had been served and filed. The sureties were excepted to and did not justify. A cash deposit was made with the clerk of court in the sum of $250, in lieu of an undertaking, but no notice of deposit was served as the statute required. This Court, in denying the motion to dismiss, said:

"The service of an undertaking on appeal is not jurisdictional. The notice of appeal, if served in good faith, confers jurisdiction and, thereafter the court, pursuant to Section 7840, C.L. 1913, (Section 28-27-26, NDCC) may

permit the appeal to be perfected by providing the requisite undertaking."

This statement is quoted in Wasson v. Brotherhood of Railroad Trainmen, 65 N.D. 246, 257 N.W. 635.

In W. T. Rawleigh Medical Co. v. Laursen, 25 N.D. 63, 141 N.W. 64, 48 L.R.A., N.S., 198, a motion was made to dismiss an appeal for the reason that the appellants had failed to perfect the appeal by serving and filing a sufficient undertaking within one year from the date of the notice of entry of judgment. The Court stated that there was no doubt that the undertaking was defective. In denying the motion to dismiss the appeal, it was said:

"Appellant, however, has asked this court for leave to either amend the undertaking on appeal so as to remedy the defect, or to be allowed to file a a new undertaking. This permission, where the court has reasonable grounds to believe that the appeal has been taken in good faith, may be granted, even though the time for appealing has expired."

■ Section 28–27–26, NDCC, is remedial and is intended to favor the perfecting of attempted appeals. Sucker State Drill Company v. Brock and Richardson, 18 N.D. 8, 118 N.W. 348; McLean v. Underdal, 73 N.D. 74, 11 N.W.2d 102. It neither expresses nor implies an intention on the part of the Legislature to limit its exercise to a time prior to the expiration of the period within which an appeal may be taken where an appeal has been taken by the service and filing of a valid notice of appeal within the time prescribed by Section 28–27–04, NDCC. In this case jurisdiction was vested in the Supreme Court by the giving and filing of the notice of appeal within the time prescribed. That jurisdiction was not divested by the expiration of the statutory period within which an appeal could be taken. Where the appeal has not been perfected by the filing of a sufficient bond or by any bond, the jurisdiction is not terminated, but the appeal may be dismissed by the Supreme Court upon a proper motion, and will be so dismissed unless the Court under the power vested in it by Section 28–27–26, NDCC, permits the filing of an undertaking or the deposit of money in lieu thereof upon a sufficient showing and on such terms as may be just.

■ Although we have jurisdiction to permit an appeal to be perfected, we have neither the power nor the jurisdiction to hear and determine an appeal that has not been perfected. In the following cases we granted motions for dismissal because the appeal had not been made effectual by the furnishing of the required undertaking or deposit: McClenahan v. Meek, 68 N.D. 255, 278 N.W. 469; Karabensh v. Grant, N.D., 73 N.W.2d 782.

■ There has been no determination of this Court holding, in language necessary to any decision, that the Supreme Court is without power or jurisdiction to permit an appeal that has been timely taken by the service and filing of a sufficient notice of appeal to be perfected by the service and filing of an undertaking or the making of a deposit provided by Section 28–27–10, NDCC. Statements that may have been made in prior decisions from which contrary conclusions might be inferred are disapproved. For the reasons set forth in this opinion we entered a minute order denying the motion to dismiss and granting the motion to permit the deposit of cash in lieu of bond, with an opinion to follow. This is that opinion.

STRUTZ, ERICKSTAD, BURKE and TEIGEN, JJ., concur.