G. E. SATROM and A. W. Stokes,
Plaintiffs and Respondents,

v.

The CITY OF GRAND FORKS, a Municipal
Corporation, Defendant and Appellant,

and

The County of Grand Forks, a Public
Corporation, Defendant.

No. 8393.

Supreme Court of North Dakota.

May 10, 1967.

Rehearing Denied June 1, 1967.

Gordon Caldis, Grand Forks, for appellant.

A. W. Stokes, Grand Forks, for respondents.

ERICKSTAD, Judge.

In this case the City of Grand Forks appeals from the judgment entered on the findings of fact, conclusions of law, and order for judgment of the District Court of Grand Forks County.

The judgment decreed that the annexation proceedings brought by the City of Grand Forks in 1963, attempting to annex Lots 1 to 18, inclusive, of Block 2 of Sunset Acres 3rd Addition to the city of Grand Forks, be set aside as null and void. It further decreed that general taxes and special assessments, levied against the said premises by the City of Grand Forks and certified to the County of Grand Forks for collection, be set aside as null and void.

An examination of the trial court's memorandum discloses that it sustained the plaintiffs, Mr. Satrom and Mr. Stokes, in their action to have the annexation af-

fecting their property set aside on the ground that the description of the property to be annexed, as contained in the City's resolution extending the boundaries of the city, failed to comply with the requirements of § 40–51–07, N.D.C.C.

The pertinent parts of that section read as follows:

40–51–07. Inclusion of territory within city limits by resolution initiated by governing body * * *—The governing body of a city, by a resolution passed by a two-thirds vote of its members, may extend the boundaries of the city to increase the territory within the corporate limits by not more than one-fourth of its area. * * * The resolution shall describe particularly the land proposed to be incorporated with the city limits, setting forth the boundaries thereof and describing the land platted by blocks and lots, * * *.

North Dakota Century Code.

The description of the property as contained in the resolution reads as follows:

Lots A, B, C, D, E, F, G and H, Block 1, and all of Block 2, Sunset Acres 3rd Addition, together with the full width of all platted streets contiguous thereto, Grand Forks Township, Grand Forks County, State of North Dakota.

A review of the transcript of the trial court proceedings indicates that Mr. Satrom and Mr. Stokes purchased Lots 1 to 18, inclusive, in Block 2 and Lots 2 to 16, inclusive, in Block 3 of Sunset Acres 3rd Addition at Grand Forks for approximately $20,000, and that the entire tract of land purchased consisted of approximately 6 acres. During the trial of this matter it was urged by Messrs. Satrom and Stokes, and apparently concurred in by the trial court, that the decision of Weeks v. Hetland, rendered by this court in 1925, compelled the conclusion that the resolution was defective.

They point out that the word *and*, as distinguished from the word *or*, is used in the

requirement that the boundaries be set out and that platted land be described by blocks and lots.

It is significant that in *Weeks* this court did not require a description both by metes and bounds and by blocks and lots.

■ In *Weeks* the resolution set forth the boundaries by metes and bounds and referred to the plats of the land on file and of record in the office of the register of deeds. In sustaining the resolution the Court said:

* * * It is the plain purpose of the statute that notice be given so that whosoever may be affected by the proposed action may object, if he desires to do so. * * *

Weeks v. Hetland, 52 N.D. 351, 202 N.W. 807, 812.

■ We believe the purpose of the statute has been effected in the instant case by the description of the property by lots and blocks. This is more readily appreciable when a description of Sunset Acres 3rd Addition (a part of which was the subject of annexation) by metes and bounds is compared with a description of the same property by lots and blocks.

Messrs. Satrom and Stokes argue that § 40–51–07 requires that the boundaries of the property be set out by metes and bounds. Nowhere in the statute are the words *metes and bounds* contained. Our view is that the resolution's reference to the block, addition, township, county, and state gave ample notice to the plaintiffs of the property sought to be annexed and its boundaries, the property having been previously platted and the plat having been filed and recorded in the office of the Register of Deeds of Grand Forks County.

To construe the statute as Messrs. Satrom and Stokes would have us do would defeat its obvious purpose. This we will not do, even in the guise of applying the rule that because a city is a creature of statute, all statutes conferring power on a city must be strictly construed.

■ As the resolution complied with the statute and there is no contention that proper publication was not made, the land became a part of the city ten days after the last publication of the resolution unless protest was made pursuant to § 40–51–08. The record discloses that no such protest was made, and thus no point can now be raised that the plaintiff's land was used exclusively for farming or pasturage purposes. In any event, such an argument would be immaterial unless it were shown that the greater portion of the entire territory proposed to be annexed consisted of lands used exclusively for farming or pasturage purposes. That this is the view adopted previously by this court is shown by City of Fargo v. Annexation Review Commission, 123 N.W.2d 281 (N.D.1963).

Messrs. Satrom and Stokes argue that we must dismiss this appeal for other reasons. They contend that it must be dismissed because the City failed to serve or file a cost bond as provided by §§ 28–27–05 and 28–27–09.

28–27–05. How appeal taken.—An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of a notice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same.

\* \* \* \* \* \*

28–27–09. Appeal ineffectual without undertaking.—To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal not exceeding two hundred fifty dollars.

North Dakota Century Code.

Before the adoption of the Century Code the Revised Code of 1943 contained the following section:

28–2719. From Whom Undertaking Not Required Unless Ordered by Court. When the state, or any state officer, or state board, in a purely official capacity, or any municipal corporation within the state, shall take an appeal, service of the notice of appeal shall perfect the appeal and stay the execution or performance of the judgment or order appealed from and no undertaking need be given, but the supreme court on motion may require sureties to be given in such form and manner as it shall prescribe as a condition of the further prosecution of the appeal.

North Dakota Revised Code of 1943.

In a decision rendered in 1956 this court construed that section to eliminate the necessity of a cost bond on an appeal taken by the Attorney General in his official capacity as attorney for the Unsatisfied Judgment Fund. King v. Menz, 75 N.W.2d 516, 518 (N.D.1956).

The rules of civil procedure for the regulation of pleadings, practice, and procedure in the district courts of the State of North Dakota became effective on July 1, 1957. Rule 62(e) reads as follows:

Stay in favor of the state or agency thereof. When an appeal is taken by the state or governmental subdivision thereof or an officer or agency thereof or by direction of any department thereof and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

North Dakota Rules of Civil Procedure.

We note that following the entry of judgment in this matter the trial court entered its order staying all proceedings in the cause, pending the appeal of the City to the Supreme Court.

In Table B of the Appendix to the Rules of Civil Procedure, Rule 62(e) is listed as superseding § 28–2719 of the Revised Code of 1943, and in Table C that section is listed as a statute superseded by that rule. When the Century Code was adopted, it omitted § 28–2719, with the notation that it had been superseded by Rule 62(e) of the Rules of Civil Procedure.

In Higgins v. Hawks, 122 N.W.2d 129 (N.D.1963), a decision written by the late Justice Thomas J. Burke, this court applied § 1–02–19, N.D.C.C., to another statute which had been omitted from the Century Code with the notation that it had been superseded by another rule. We concluded that the omission constituted a repeal of the section.

The pertinent part of § 1–02–19 reads as follows:

> 1–02–19. Effect upon former laws—Repeals.—No statute, law, or rule is continued in force because it is consistent with the provisions of this code on the same subject, but in all cases provided for by this code all statutes, laws, and rules heretofore in force in the state, whether consistent or not with the provisions of this code, unless expressly continued in force by it, are all repealed and abrogated.
> * * *

North Dakota Century Code.

It appears, therefore, that if a municipality is exempt from providing a cost bond on an appeal to this court, the exemption must be based upon something other than the repealed statute.

■ In light of the previous construction of the statute, of this court's apparent conclusion (in listing the rule as superseding the statute and the statute as being superseded by the rule in Tables B and C of the Appendix to the Rules of Civil Procedure) that Rule 62(e) superseded § 28–2719, and of the apparent continued liberality extended governmental subdivisions by Rule 62(e) in requiring no bond on appeal when judgment is stayed, we conclude that the requirement of no bond applies to a cost bond as well as to a stay or supersedeas bond. We come to this conclusion in spite of the fact that some may argue that the Rules of Civil Procedure relate only to practice and procedure in the district court and that, as a cost bond relates to perfecting an appeal to the Supreme Court, it relates to practice and procedure in the Supreme Court rather than in the district court and therefore is not covered by the Rules of Civil Procedure. That the Rules of Civil Procedure are not intended to be so strictly construed is demonstrated by Rule 60, which provides that during the pendency of an appeal, clerical mistakes in judgments, orders, or other parts of the record, and errors therein arising from oversights or omission may be corrected by the district court at any time before the appeal is docketed in the Supreme Court. This means that even after an appeal has been perfected, but before it is docketed in the Supreme Court, the district court has the authority to correct those mistakes.

■ The last point argued by Messrs. Satrom and Stokes in support of their contention that the trial court's judgment should be sustained is that the questions involved are moot, because the defendant County of Grand Forks did not appeal and the judgment against it is final. In support of this contention they cite no statutory authority nor case law, nor do they attempt to support it with logic.

It appears to be their view that, although the City of Grand Forks has appealed from the judgment, because the County of Grand Forks has not appealed, the judgment against the City has become final. As the City and the County are separate entities,

we cannot see how failure to appeal on the part of one can affect the other's right to appeal. We therefore reject the plaintiffs' view.

The judgment of the trial court is reversed.

PAULSON, J., concurs.

KNUDSON, J., concurs in the result and in the syllabus.

TEIGEN, Chief Justice (dissenting).

I disagree with the majority wherein they construe Rule 62(e) of the North Dakota Rules of Civil Procedure, as stated in Syllabus No. 4, to "eliminate the necessity of a cost bond on an appeal from a judgment to the Supreme Court by a municipal corporation when the enforcement of the judgment has been stayed."

In this State, appeals from decisions of the district courts to the Supreme Court are subject to regulation by statute. North Dakota Constitution, Sections 86 and 109. The legislature has enacted such regulations. Chapter 28–27, N.D.R.Civ.P., and related statutes. Section 28–27–05, N.D.C.C., provides that an appeal shall be deemed *taken* by the service of the notice of appeal, and *perfected* on the service of the undertaking for costs or the deposit of money instead, or by the waiver thereof. Section 28–27–09, N.D.C.C., provides that to render an appeal *effectual for any purpose,* the undertaking must be executed as provided, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding $250.00. Section 28–27–10, N.D.C.C., provides that in lieu of an undertaking, a deposit of money may be made.

In King v. Menz, N.D., 75 N.W.2d 516 (1956), construing Section 28–2719, N.D.R.C.1943, we held that when a state officer takes an appeal from the district court in a purely official capacity, no undertaking

for costs need be given. This statute has been quoted at length in the majority opinion. Section 28–2719, N.D.R.C.1943, however, was' not carried into the North Dakota Century Code which became effective on January 9, 1961. Chapter 96 of the Session Laws of 1961. Section 1–02–19 of the North Dakota Century Code, also quoted at length in the majority opinion, provides that the omission from the Century Code of statutes theretofore in force constitutes a repeal of such omitted statutes. Higgins v. Hawks, N.D., 122 N.W.2d 129. Therefore, by the provisions of Section 1–02–19, supra, the omission of Section 28–2719, N.D.R.C.1943, from the North Dakota Century Code constituted a repeal of that section. I can find no other statute in the Century Code that exempts the public bodies and officers described in Section 28–2719, N.D.R.C.1943, from furnishing an undertaking for costs on appeal. With the above analysis I believe the majority agree.

The majority were unable to cite a statute to support their contention that public bodies and officers should, as a matter of policy, be exempt from filing cost bonds on appeal; therefore, they were compelled to give a strained construction to the Rules of Civil Procedure governing procedure in the district court to effect that end. This, in my opinion, was error.

The North Dakota Rules of Civil Procedure apply only to govern the procedure of the district courts in suits of a civil nature. Rule 1 states as follows:

These rules govern the procedure in the *district courts* in all suits of a civil nature whether cognizable as cases at law or in equity, * * *. (Emphasis supplied.)

The legislative assembly has enacted certain enabling statutes empowering the Supreme Court of this State to make rules of pleading, practice and procedure which it may deem necessary for the administration of justice in all civil and criminal actions, remedies and proceedings, in any and all the courts of the State. Sections 27–02–08

through 27–02–15, N.D.C.C. They provide that all statutes relating to procedure in civil and criminal actions enacted by the legislative assembly shall have force and effect only as rules of the Court, and shall remain in effect unless and until amended or otherwise altered by rules promulgated by the Supreme Court. The statutes provide a detailed procedure which must be followed by the Supreme Court in the promulgation of practice rules. It was pursuant to these statutes that the North Dakota Rules of Civil Procedure were adopted by this Court and made effective July 1, 1957. Rule 62 (e) is one of the rules so promulgated. Rule 86(b), of the same Rules, provides:

Upon the taking effect of these rules all statutes and parts of statutes in conflict herewith and the statutes listed in Tables B and C are superseded *in respect of practice and procedure in the district courts.* (Emphasis supplied.)

Section 28–2719, N.D.R.C. 1943, is listed in Table C as a statute superseded. It was superseded, however, only insofar as it affected "practice and procedure in the district courts," as explicitly provided by the Rule. Therefore, it was not superseded in respect of practice and procedure in the Supreme Court. The statute was severable. It provided that when an appeal was taken by a public body or officer described therein, "service of the notice of appeal shall *perfect* the appeal and *stay* the execution or performance of the judgment or order appealed from and no undertaking need be given." That part of the statute stating "service of the notice of appeal shall perfect the appeal" exempted the public body or officer from filing the undertaking for costs required by Section 28–2705, supra, and involved appellate practice. King v. Menz, supra. The part of the statute which stated it also shall "stay the execution or performance of the judgment or order appealed from" involved practice in the district court. We said, in Bonde v. Stern, 72 N.D. 476, 8 N.W.2d 457, that an appeal does not operate as a stay of execution or performance of the judgment or

order appealed from, that stay of proceedings pending an appeal is an independent, collateral proceeding in the district court and the appellate proceeding proper remains wholly unaffected thereby. We held that the absence of a stay or defects rendering the stay order invalid does not affect the right of the appellant to a review of the judgment or the order appealed from in the Supreme Court. It is the trial court that is vested with authority to fix the amount of a stay bond and the conditions on which the stay must be had pending appeal to the Supreme Court. Therefore, when this Court adopted the North Dakota Rules of Civil Procedure, it was clearly the intent to limit Rule 62, providing for stay of proceedings to enforce the judgment, to practice and procedure in the district courts. The legislative assembly, on adoption of the North Dakota Century Code, repealed and abrogated the unsuperseded part of Section 28–2719, N.D.R.C. 1943, by omitting it from the Century Code. See Section 1–02–19, N.D.C.C., and Higgins v. Hawks, supra. Therefore, after the adoption of the North Dakota Century Code, there remained no exemption of public bodies and officers from complying with the requirements of Section 28–27–05, N.D.C.C., that an undertaking for costs be served to perfect an appeal.

Nor does Rule 60, N.D.R.Civ.P., lend support to the contention of the majority. Clerical mistakes in judgments, orders, or other parts of the record, refer to errors, mistakes, or omissions which are not a result of the exercise of the judicial function of the trial court. See Enderlin Farmers' Store Co. v. Witliff, 56 N.D. 380, 217 N.W. 537, 538, wherein we quoted from Freeman on Judgments as follows:

"Clerical errors" as used in this connection ordinarily relate to the errors or omissions of the clerk in the entry of the judgment and are sometimes defined or treated as though this were the only class of cases to which the term might be properly applied. But "clerical" is employed in a broad sense as contra-dis-

tinguished from "judicial" error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function.

It is also my opinion that the decision of the majority will create great confusion in this area. The majority hold that a municipal corporation need not file undertaking for costs when the appeal is taken from a judgment, the enforcement of which has been stayed. It therefore would appear that if the appeal is taken from a judgment, the enforcement of which has not been stayed, the exemption does not apply. Furthermore, Rule 62(e), which the majority have construed, does not exempt a public body or officer from furnishing a bond if the appeal is from an order. It has been said that "hard cases make bad law," and that "hard cases are the quicksands of the law." However, I do not feel a strained decision is necessary to meet a case of hardship to the appellant. It is true the respondent moved that the appeal be dismissed because the appellant failed to serve or file an undertaking for costs. We have held the Supreme Court has neither the power nor the jurisdiction to hear and determine an appeal that has not been perfected by serving or filing an undertaking for costs when required. McClenahan v. Meek, 68 N.D. 255, 278 N.W. 469; Karabensh v. Grant, N.D., 73 N.W.2d 782. In the above cases we granted motions for dismissals because the appeal had not been made effectual by the furnishing of required undertaking or deposit. However, jurisdiction was vested in the Supreme Court by the giving and filing of notice of appeal within the time prescribed and, where the appeal has not been perfected by the filing of a sufficient undertaking for costs or by any undertaking, that jurisdiction is not terminated but the appeal may be dismissed by this Court upon a proper motion, and will be so dismissed unless the Court, under the power vested in it by Section 28–27–26, N.D.C.C., permits the filing of an undertaking, or an in-lieu deposit of money, upon a proper and sufficient showing and on such terms as may be deemed just. Section 28–27–26, N.D.C.C., provides:

When a party in good faith shall give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal, to make it effectual or to stay proceedings, the court from which the appeal is taken or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just.

This statute is remedial and is intended to favor the perfecting of appeals. Sucker State Drill Co. v. Brock, et al., 18 N.D. 8, 118 N.W. 348; McLean v. Underdal, 73 N. D. 74, 11 N.W.2d 102; In re Guardianship of Frank, N.D., 128 N.W.2d 355.

It therefore appears to me the defect could be remedied if the appellant, on a proper motion, can show good faith and good cause, and that if he cannot do so, the appeal should be dismissed.

Because it is my feeling that the appeal in this case has not been perfected, it is ineffectual for any purpose unless the defect is cured. For these reasons, I feel the appeal is not before us on the merits, and therefore I do not pass on the other issues.

STRUTZ, J., concurs.