FARM CREDIT BANK OF ST. PAUL,
f/k/a Federal Land Bank of St. Paul,
Plaintiff and Appellee,

v.

Joe M. OBRIGEWITCH, Jr., a/k/a Joe
Obrigewitch, a/k/a Joe M. Obrigewitch,
Genevieve Obrigewitch, Kurt Obrigew-
itch, Defendants and Appellants,

Magdelena Obrigewitch, a/k/a Magdela-
na Obrigewitch, a/k/a Magdalena Obri-
gewitch, a/k/a Magdelena E. Obrigew-
itch, a/k/a Magdelina Obrigewitch, 3J
Living Trust, Common Title Bond &
Trust, Joel Obrigewitch, Karla Obri-
gewitch, Karen Obrigewitch, Jennifer
Obrigewitch, Amy Joe Obrigewitch,
Jami Lee Obrigewitch, and all persons
unknown, claiming any estate or inter-
est in, or lien or encumbrance upon,
the real estate described in the Com-
plaint, Defendants.

Civ. No. 890352.

Supreme Court of North Dakota.

Oct. 31, 1990.

Thomas B. Bair (argued), of Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee.

Joe M. Obrigewitch, Jr., and Kurt Obrigewitch, Belfield, pro se, for defendants and appellants.

LEVINE, Justice.

Joe, Kurt, and Genevieve Obrigewitch appeal from a default judgment entered in a real estate mortgage foreclosure action brought by Farm Credit Bank of St. Paul [FCB]. We remand with instructions to modify the judgment, and, as modified, we affirm.

On June 13, 1980, FCB and Joe and Magdelena Obrigewitch executed a promissory note for $65,000. Joe, Magdelena, and Genevieve granted a mortgage on 320 acres of land in Billings County as security for the promissory note. Joe and Magdelena failed to make payments on the note after January 1, 1988, and FCB elected to foreclose on the mortgage. FCB was unable to simultaneously serve the record title owners of the property (Joe, Magdelena, and Genevieve) with notice before foreclosure. Instead, FCB commenced foreclosure actions against the parties at different times.

Joe and Magdelena were personally served with notice before foreclosure on August 25, 1988. The Billings County

Sheriff was unable to personally serve Joe and Magdelena with an amended summons and complaint of foreclosure on September 28, 1988. Consequently, FCB served Joe and Magdelena by publication. The amended summons was published in the official newspaper for Billings County for four consecutive weeks beginning October 13, 1988. Service by publication was completed on November 18, 1988. *See* Section 32–19–35, N.D.C.C.

On August 25, 1988, the Stark County Sheriff, after "diligent search and inquiry," was unable to personally serve Genevieve with notice before foreclosure. On September 9, 1988, a private process server, Richard Picken, was unable to personally serve Genevieve with notice before foreclosure because she "had barricaded and locked the entrance to her residence and would not permit entry for service of process [and] [t]he premises were posted under threat of prosecution for criminal trespass should entry be attempted." On September 21, 1988, the Billings County Sheriff, "after diligent search and inquiry," was unable to personally serve Genevieve with notice before foreclosure. On December 27, 1988, the Billings County Sheriff was again unable to personally serve Genevieve with notice before foreclosure because she "has barricaded and locked the entrance to her residence and will not permit entry for service of process [and] she has also not claimed a Notice Before Foreclosure sent to her by Certified Mail—Return Receipt Requested."

FCB then served Genevieve with the notice before foreclosure by publication in the official newspaper for Billings County for three consecutive weeks beginning January 5, 1989. Service by publication of the notice before foreclosure was completed on January 20, 1989. *See* Rule 4(f), N.D.R. Civ.P. When the Billings County Sheriff was unable to personally serve an amended summons and complaint on Genevieve on February 22, 1989, FCB served Genevieve with the amended summons by publication in the official newspaper for Billings County for four consecutive weeks beginning on March 9, 1989. Service by publication was completed on April 14, 1989. *See* Section 32–19–35, N.D.C.C.

The defendants failed to answer and FCB moved for a default judgment on June 15, 1989. After a hearing on September 11, 1989, the court granted a default judgment in favor of FCB. This appeal followed.

■ The appellants contend that Genevieve was not served with a notice before foreclosure within the time limits of Section 32–19–20, N.D.C.C.:

> "*Notice before foreclosure.*—At least thirty days and not more than ninety days before the commencement of any action or proceeding for the foreclosure of a mortgage on real estate, a written notice shall be served on the title owner of record of the real estate described in the mortgage as shown by the records in the office of the register of deeds of the county in which such real estate is situated."

The appellants apparently argue that an action against all the record title owners must be commenced simultaneously.

Rule 3, N.D.R.Civ.P., provides that a civil action is commenced by the service of a summons. In this case, the notice before foreclosure was served on Genevieve when service by publication was completed on January 20, 1989. *See* Rule 4(f), N.D.R. Civ.P. The action against Genevieve was commenced when service by publication of the amended summons was completed on April 14, 1989, 84 days after she was served with the notice before foreclosure. Simple arithmetic indicates that the notice of foreclosure was served on Genevieve "at least thirty days and not more than ninety days before the commencement" of the action against her. Although the actions against Genevieve and against Joe and Magdelena were not commenced simultaneously, the language of Section 32–19–20, N.D.C.C., does not require simultaneous commencement of actions against all record title owners. We conclude Genevieve was served with notice before foreclosure within the time limits of Section 32–19–20, N.D.C.C.

The appellants also contend that the district court erred when it entered a judgment which stated that the property was in Stark County instead of in Billings County. The appellants argue that that incorrect statement renders the judgment void.

The only document stating that the mortgaged property is in Stark County is the judgment. All other documents in this case correctly describe the property's location in Billings County. The description of the land by Township, Range, Section, and partial Section is correctly set out in the judgment and describes land identified in the mortgage which is located in Billings County. The error in the judgment is a clerical error arising from oversight which can be corrected under Rule 60(a), N.D.R. Civ.P. *Cokins v. Frandsen,* 136 N.W.2d 377 (N.D.1965); *see Enderlin Farmers' Store Co. v. Witliff,* 56 N.D. 380, 217 N.W. 537 (1928). We therefore conclude that the incorrect statement in the judgment that the property is in Stark County does not render the judgment void and does not constitute reversible error.

Accordingly, we remand with instructions that the district court modify the judgment to reflect the correct county, and, as so modified, we affirm.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of GIERKE, J., disqualified.