**FIRST WESTERN BANK,**
Plaintiff and Appellee,

v.

**Alice WICKMAN, Defendant
and Appellant.**

Civ. No. 930188.

Supreme Court of North Dakota

March 1, 1994.

James J. Coles of Snyder Coles Lawyers, Bismarck, for defendant and appellant.

Richard P. Olson of Olson, Burns and Lee, Minot, for plaintiff and appellee.

SANDSTROM, Justice.

"Clerical mistakes" in judgments may be corrected under Rule 60(a), N.D.R.Civ.P. This case construes the term, clerical mistake.

In this foreclosure action, the defendant, Alice Wickman, claims the amount of the judgment is a "clerical mistake" because it is inconsistent with the bank's notice before foreclosure. The district court denied Wickman's Motion to Correct Clerical Error. We affirm. Rule 60(a) is for correcting errors due to oversight or omission and is not a substitute for direct appeal on substantive matters of fact or law.

I

First Western Bank lent Alice Wickman $600,000. To secure payment, First Western acquired a mortgage on Wickman's real property located in Ward County, North Dakota. Wickman defaulted and First Western began a foreclosure action. As required by N.D.C.C. § 32–19–20, First Western served Wickman with a notice before foreclosure. The notice listed Wickman as owing $468,-947.47 in principal, and $63,693.19 in interest.

First Western's complaint seeking foreclosure used the same principal amount as the notice, but listed $66,583.69 as outstanding accrued interest. The complaint sought judgment "[d]etermining and adjudging the amount due the Plaintiff under the terms and conditions of said note and mortgage, including principal, interest, advance for taxes if any, and costs and disbursements of the action."

A court trial was held on January 21, 1992. First Western called only one witness, Warren Sandness, Vice President of First Western Bank. Relying on several exhibits, Sandness testified Wickman owed $468,-947.47 in outstanding principal on her loan. Sandness testified the total interest due on the loan, as of the day of trial, was $135,-902.46, for a total amount owing of $604,-849.93. Through cross-examination, Wick-

man attempted to dispute Sandnesses' computations, but did not produce her own evidence.

The district court, in its memorandum opinion ordering judgment of foreclosure, found, in part:

"This is an action to foreclose a real estate mortgage given by the Defendant March 15, 1985, securing a note of $600,000 payable March 15, 1988, with interest at [7.5 percent]. The note is in default. According to the Plaintiff's computations the principal balance is $468,947.47, and the interest to date is $94,928.18; the Defendant objected to the Plaintiff's computations on exhibits 1, 2 and 9, but produced no evidence to refute them, and I accept the Plaintiff's figures." [1]

In its findings of fact, conclusions of law, and order for judgment, the district court found:

"That the amounts due and owing on said note are as follows: due on principal of note $468,947.47; interest due as of January 21, 1992, $135,902.46; for a total due on January 21, 1992, of $604,849.93, with further interest accruing after January 21, 1992, at the rate of $96.36 per day."

Judgment in favor of First Western was entered on February 6, 1992. Notice of entry of judgment was served on Wickman on February 10, 1992. Wickman did not appeal from the judgment. A sheriff's sale was held on April 1, 1992. At the sale, the property was sold for $600,000 to First Western. The sale was confirmed by order of the court on April 1, 1992.

On March 5, 1993, 28 days before the expiration of the redemption period, and over one year after notice of entry of judgment, Wickman moved to correct a clerical error in the judgment. Wickman argued the judgment must be in error because the interest amount in the judgment was different from the figure in the notice before foreclosure and the complaint.

First Western argued the notice before foreclosure and the complaint omitted some of the interest due, and the judgment reflected the true amount owing.

In its order denying Wickman's motion, the district court, concluded:

"It is the position of the Court that the amount in issue is not, as advanced by the defendant, a clerical error. The contention of the defendant is that a substantial and significant error has occurred. The term 'clerical error' does not include acts which are the result of judicial function. *Enderlin Farmers' Store Co. v. Witliff* [56 N.D. 380], 217 N.W. 537 (N.D.1928). In this case evidence was presented at the trial relating to the amount of the judgment. On page 5 of the plaintiff's complaint the plaintiff asks the Court to determine and adjudge the amount due plaintiff. The Court did so and adopted the amount set forth in the judgment herein. It is my determination that the defendant's remedy, if any, was through the appellate process and motions prefatory and allied thereto."

## II

On appeal, Wickman concentrates her argument on the contention that, in North Dakota, a judgment is void or voidable to the extent it exceeds the face amount on the notice before foreclosure. Although novel, Wickman's argument is irrelevant.

Rule 60(a), N.D.R.Civ.P., provides:

*"Clerical mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversights or omission may be corrected by the court at any time on its own initia-

---

1. In restating First Western's claim, the district court apparently made a clerical error as to the amount of interest owed. Trial exhibit 9, which the district court found to be accurate, lists the following as interest due:

"INTEREST DUE FROM 03–29–88 TO 04–18–88 ON 500,000.00 @ 7.50% $2,054[.]80(20) INTEREST DUE FROM 04–18–88 TO 05–15–89 ON 488,149.21 @ 7.50% $39,319.42 (392) INTEREST DUE FROM 05–15–89 TO 01–21–92 ON 468,947.47 @ 7.50% $94,528.18 (981)" This error was corrected in the district court's findings of fact, conclusions of law, and order for judgment. Although not mentioned by either party on appeal, the matter was brought to the district court's attention in First Western's brief in opposition to Wickman's motion to correct the judgment due to clerical error.

tive or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the supreme court, and thereafter while the appeal is pending may be so corrected with leave of the supreme court."

This Court has clearly held that Rule 60(a) is not a substitute for an appeal on the merits.

"Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for 'the correction of irregularities which becloud but do not impugn [the judgment].' *United States v. Stuart,* 392 F.2d 60, 62 (3d Cir. 1968). The problem is essentially one of characterization. *Kelley v. Bank Building and Equipment Corporation of America,* 453 F.2d 774, 778 (10th Cir.1972). It must be determined 'whether a substantive change or amendment was made or whether the amended conclusions and judgment were in the nature of corrections.' *Kelley,* supra.

"A court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at the time of trial. However, Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done." (Citations, footnote omitted.)

*Gruebele v. Gruebele,* 338 N.W.2d 805, 811–12 (N.D.1983); *see also Volk v. Volk,* 435 N.W.2d 690, 692 (N.D.1989).

The judgment of the district court did not contain a clerical mistake. The figures in the judgment were expressly included by the court to reflect the uncontroverted evidence at trial.

The district court's order denying the motion to correct a clerical mistake is affirmed.

VANDE WALLE, C.J., LEVINE, J., RALPH J. ERICKSTAD, Surrogate Judge and ALLAN L. SCHMALENBERGER, District Judge, concur.

RALPH J. ERICKSTAD, Surrogate Judge, and ALLAN L. SCHMALENBERGER, District Judge, sitting in the place of NEUMANN and MESCHKE, JJ., disqualified.